McKINNEY's Adm'r. v. DAVIS.

Where a demand is presented to the county court for allowance, against a decedent's estate and disallowed, the decision of the court is a judgment, and is attended with all the legal consequences of a judgment of a court of record at common law: consequently, if the claimant neglects to prosecute his appeal in the manner pointed out by the statute, the matter becomes res-adjudicata, and he is forever barred.

Appeal from the St. Louis Circuit Court.

*Spalding for Appellant.*

1st. The circuit court did not err in opening the judgment of the county court and granting a new trial. Rev. Code 63, and particularly sec. 8.

2d. The circuit court erred in deciding that the first judgment in the county court was not a bar to the second suit. Rev. Code 155, 156, 157, and also pages 55 and 56. 1 Philips' Evidence 242; and 1 Starkie's Evidence 208.

3d. The circuit court ought to have granted a new trial, as the verdict was against law and evidence.

*Geyer for Appellee.*

1. It does not appear by the record of the county cour', that in the decision excepted to, that court erred in any material question of law or fact, and the judgment of the county court ought therefore to have been affirmed; and though it should appear that there was error committed on the new trial, yet as the result is precisely that of affirming the judgment of the county court, no error has been committed for which the judgment can be reversed, certainly none by which the appellant is injured. Rev. Code, 1835, p. 63–4.

2. The merits of the case are clearly with the appellee as is manifested by the verdict of two juries; and a judgment

SEPT. TERM.
1840.

McKinney's
adm'r.
v.
Davis.

rendered upon such finding ought not to be reversed, unless there is very manifest error.

3. No error was committed by the circuit court in rendering judgment for the plaintiff on the verdict. The record of the county court does not show either the nature of the demand, or the amount presented in the former proceeding; nor is there on that record any decision as to the particular demand. These matters it is attempted to supply by parol evidence against law.

### Opinion of the Court by McGirk, Judge.

This case comes here by appeal from the circuit court of St. Louis county. The case was commenced in the county court of St. Louis county, and originated as follows, to wit: At the May term of the county court for St. Louis county 1838, on the 3rd day of the term, Davis, by his attorney, presented to the court for allowance against the estate of S. T. McKinney an account for $221 43 founded on the following receipt, to wit: St. Louis, May 27th, 1834, R'd of E. Davis two hundred and twenty one dollars 43 cts. S. T. McKinney. On the validity of this demand the parties had a regular jury trial in the court, and a verdict and judgment were given for the plaintiff, Davis, in that court for the amount, and the administrator took the case to the circuit court, where the plaintiff Davis again had a verdict and judgment, to reverse which the cause is brought here.

M'Kinney, the appellant and administrator, alleges, that the circuit court committed error on the trial of the cause in refusing to decide that the plaintiff's Davis, demand was not barred by reason of it having once before been before the county court and disallowed. This question, as I conceive, is the chief and main question to be decided by this court.

Before this question can be fairly gone into, a previous question which arises must be determined, which is a question of fact to be determined, by an inspection of the record. It is insisted by Mr. Geyer of counsel for Davis that the record does not shew that this case was ever adjudicated on and disallowed by the county court.

This court has looked into the record sent here from the circuit court, and by the record and the evidence contained in the bill of exceptions, we are satisfied the plaintiff's claim was once before on a trial in another case, different from the present suit, fully tried by the county court and disallowed, and from that disallowance the plaintiff Davis took no appeal, but submitted to the same, expecting to redress his grievance by a new suit. It may here be remarked that Davis made no objection in the circuit court to the evidence given to prove a former trial. It appears by the record that a part of that evidence was record evidence, and a part was oral evidence. The circuit court was called on to decide and declare the law to be, that when a demand is once regularly laid before the county court for an allowance against the estate of a dead person and disallowed that such disallowance is a bar to a subsequent suit for the same demand, which the court refused to do, but decided that a new suit might be brought for the same thing. To determine the correctness or incorrectness of this decision, a view of the statute creating county courts and defining their powers, must be resorted to. In page 156 R. Code 1835, sect. 15, it is declared, that the county courts shall have and possess the following powers (after naming other things): *Sixth*, To hear and determine all suits and other proceedings instituted against executors and administrators, upon any demand against the estate of their testator or intestate, where such demand shall not exceed one hundred dollars.

*Seventh*, Concurrent jurisdiction with the circuit court, in all such cases where the demand shall exceed that sum, sub-ject to an appeal to the circuit court, in all cases. By this enactment the county court clearly and legally had jurisdic-tion of the subject matter of this suit.

By the 21st section of this article the court is declared to be a court of record. In page 56, R. Code, 1835, sect. 8, it is enacted that the county court shall have jurisdiction, to hear and determine all demands against any estate, and a concise entry of the order of all allowance shall be made on the record of the court, which shall have the effect and force of a judgment.

H2

SEPT. TERM
1840.

McKinney's
adm'r.
v
Davis.

The 9th sect. requires all claims to be proven by competent legal testimony before they can be allowed, and either party may preserve such testimony by bill of exceptions.

The 13th sect. empowers the court, or rather commands the court, to hear and determine all demands in a summary way, without the form of pleading.

The 20th section requires that when a demand is allowed, the clerk shall endorse on the back of the paper *allowed*, and deliver the same to the party. But nothing is said as to what shall be done when the demand is rejected.

It is argued that the county court is a court of statutory jurisdiction, and therefore its jurisdiction ought not to be enlarged by construction. This rule being admitted, does not settle the question before the court. The true question is, what is the legal effect of an act clearly authorised to be done when the law has omitted to declare the effect. The act declares *allowances* made by the court shall have the effect of judgments. The counsel then argue that the law makers believed it would not have been so, or they would not have so declared it; and the counsel farther infer, that such would have been the case because the law-maker has so declared it. I am of opinion that if the statute had been silent in respect to the effect of an allowance made by the county court, yet the effect would have been of consequence equal to a judgment. The county court is one of the constitutional courts of the State, and by statute has a portion of judicial business conferred upon it, and the manner and time of exercising that business are by statute declared and pointed out.

Then in all cases where the effect of its acts are not declared by statute, we must look to the common law for the effect. I then take the county court to be a court of record, possessing power to hear and determine all demands against the estates of intestates, in a summary way without the form of pleading, and to allow or disallow the same. That is exactly what has been done in this case.

I take the law to be well laid down in 1 Starkie on Evidence, which is, that a judgment by a court of competent jurisdiction upon the same matter between the same parties

Where a demand is presented to the county court for allowance against a decedent's estate and disallowed, the decision of the court is a judgment, & is attended with all the legal consequences of a judgment of a court of record at common law: Consequently, if the claimant neglects to prosecute his appeal in the manner pointed out by the statute, the matter becomes res-adjudicata, and he is forever barred.

and for the same purpose is conclusive, 1 Starkie 208; same book 211—it is said that the allowance by the commissioners of a bankrupt is conclusive, referring to Doug. 407.

SEPT. TERM.
1840.

McKinney's
adm'r.
v
Davis

So the judgments of ecclesiastical courts, though not of record, are conclusive. So the decision of a private arbitrator, to whom the parties have referred themselves, is binding on the subject matter. 1 Starkie 211. These, says the book, are instances in which the adjudications, though not of record, are final.

Then Starkie, in the same page and 212, says, that a matter is not less *res adjudicata*, because it is not of record, *that is*, because it is not preserved and authenticated in a particular manner, &c.

As to the matter having been given in evidence, the citation by Mr. Spalding, of counsel for the administrator, from 1 Philips Evidence 242, is in point.

To suppose the act of the Legislature, which says the county court shall hear and determine all demands against the estates of deceased persons, intends only that their orders, allowances, &c., shall be of force only where the amount is allowed, would be giving a liberty to claimants against the effects of dead men, never by law given to persons where the debtors are alive. The consequences would be hurtful to the rights of justice and perplexing to society. According to common law rules, the disallowance in this case is a bar. The statute does not declare it to be otherwise, and if it is holden to be otherwise, it will be by construction and implication growing up, against the justice and equity of the statute, and against the peace of society. For these reasons, I am of opinion that the circuit court erred in giving judgment for Davis, and that the same ought to be reversed with costs of suit. Judgment reversed.